Alaina M. Stedillie (#6-4327)
Crowley Fleck PLLP
111 W. 2nd St., Ste. 220
Casper, WY 82601
Telephone: (307) 265-2279
astedillie@crowleyfleck.com

Gina L. Durham (*pro hac vice* pending)
Jordan Chisek (*pro hac vice* pending)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Telephone: (415) 836-2500
gina.durham@us.dlapiper.com
jordan.chisek@us.dlapiper.com

*Attorneys for Plaintiff Buildvision Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BUILDVISION INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUILD VISION LLC., a Wyoming limited liability company, and VICTOR GEBARSKI, an individual.<br><br>Defendants. | Case No. 1:26-CV-265<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

COMES NOW Plaintiff Buildvision Inc. ("Buildvision"), by its attorney, Alaina M. Stedillie of Crowley Fleck PLLP, and brings this *Complaint* for trademark infringement and unfair competition against Defendants Build Vision LLC ("BV") and Victor Gebarski ("Gebarski") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' improper efforts to mislead consumers by passing themselves off as Buildvision.

2. Plaintiff Buildvision offers a comprehensive artificial intelligence-based commercial construction equipment supply chain solution that enables manufacturers and their representatives to automate cost estimation, quantity takeoff, and quote drafting through a single digital online platform under its BUILDVISION mark.

3. In blatant disregard of Buildvision's trademark rights, Defendants registered a domain name that incorporated Buildvision's trademark, and launched a website to sell a knock-off version of Plaintiff's Buildvision software platform under the name Buildvision AI.

4. Defendants' unauthorized use of the BUILDVISION mark within its domain name, company name and product name is likely to cause confusion among the consuming public and will cause irreparable harm to Buildvision. Defendants have ignored Buildvision's demands to cease their infringing use of the BUILDVISION mark, leaving Buildvision no option but to pursue this action. In addition to monetary damages, Buildvision is entitled to injunctive relief prohibiting Defendants from using the BUILDVISION mark and an order requiring Defendants to transfer the buildvisionai.com domain to Buildvision.

## THE PARTIES

5. Plaintiff Buildvision Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business in Mt. Pleasant, South Carolina.

6. Upon information and belief, Defendant Build Vision LLC is a limited liability company organized and existing under the laws of the state of Wyoming, with its principal place of business at 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801.

7. Upon information and belief, Defendant Gebarski is an individual residing in or around Sheridan, Wyoming who is the driving force behind the infringing acts alleged in this *Complaint*.

8. For example, Defendant Gebarski has executed documents, including a U.S. federal trademark application for BUILDVISION AI (Serial No. 99630744) (the "Fraudulent BUILDVISION AI Application"), which were submitted to the U.S. Patent and Trademark Office ("USPTO"), identifying himself as Managing Member of BV.

9. The Fraudulent BUILDVISION AI Application identifies Defendant BV's domicile address as 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801 and states that the mailing address is the same address.

10. Defendant Gebarski identifies himself as Founder and Chief Technology Officer of BV on his public LinkedIn profile.

11. Defendant Gebarski has personally engaged in and committed the wrongful acts alleged herein, including but not limited to, on information and belief, directing the wrongful conduct alleged herein with respect to the unauthorized Buildvision AI software platform and Fraudulent BUILDVISION AI Application, including by directing incorporation of Plaintiff's BUILDVISION mark into a variety of infringing variations to promote the business of Defendant BV, including BUILDVISION, BUILDVISIONTV, and BUILDVISION AI (collectively, the "Infringing BUILDVISION Marks") and personally promoting the Infringing BUILDVISION Marks on YouTube as shown below[1].

[1] *See* https://www.youtube.com/watch?v=okIiE0a5V5c (accessed July 30, 2026).




## JURISDICTION AND VENUE

12. This action arises under the Federal Trademark Act of 1946, known as the Lanham Act (15 U.S.C. § 1125(a)), and Wyoming common law.

13. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§1331 and 1338(a).

14. Pursuant to 28 U.S.C. §1367, this Court also has supplemental jurisdiction over the claims arising under state law because those claims arise out of the same operative facts as those underlying the federal claims.

15. This court has personal jurisdiction over Defendants because the address for the business listed in the Fraudulent BUILDVISION AI Application is 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801 and because, on information and belief, Defendants have conducted business in the state of Wyoming and have attempted to derive financial benefit from residents of the state of Wyoming through the sale of software in connection with the infringing BUILDVISION Marks on its website at https://www.buildvisionai.com/, the Apple App Store at https://apps.apple.com/us/app/buildvision-ai-construction/id6752423421, and the Google Play Store at https://play.google.com/store/apps/details?id=com.bldx.bldxnative&hl=en_US. Specifically, Defendant BV lists its office location in Sheridan, Wyoming.

16. Upon information and belief, as a result, Defendants' conduct has caused injury in this District and Defendants derive revenue and/or expect or reasonably should expect their infringing conduct to have direct consequences in Wyoming.

17. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district, Defendants are subject to personal jurisdiction in this district, and infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

### A. Buildvision's Business and Its Trademark

18. Since as early as 2023, Buildvision has operated and offered to consumers a software platform which provides users with construction procurement solutions using artificial intelligence (the "Buildvision Platform").

19. The innovative Buildvision Platform developed substantial market recognition early on. For example, Buildvision was recognized as a top emerging vertical SaaS startup by Bain Capital Ventures in 2024.

20. The Buildvision Platform's AI capabilities allow it to automatically manage construction bids, generate quotes, and procure construction equipment without extensive human involvement.

21. In addition, the Buildvision Platform connects commercial contractors directly with manufacturers and authorized suppliers, providing AI-powered analytics, automated RFQ generation, supplier coordination, and data-driven insights for risk management and cost management.

22. The Buildvision Platform is available at https://www.buildvision.io/ (the "Buildvision Website"). A screenshot of the Buildvision Website is embedded below.[2]




23. The Buildvision Website prominently features the BUILDVISION mark (hereinafter, the "BUILDVISION Mark") at the top of each page, which not only identifies the company name, but Buildvision's software offering.

[2] *See* https://www.buildvision.io/#how-it-works (accessed Jun. 16, 2026).

24. Buildvision has continuously used the BUILDVISION Mark on its website and in connection with the Buildvision Platform since launching its company in 2023.

25. As a result of its marketing efforts and extensive and continuous use of the BUILDVISION Mark, Buildvision has also amassed media attention in connection with the Buildvision Platform, and its mark has become well-known to consumers as a designation that identifies and distinguishes Buildvision's unique software offering.

26. Buildvision is the owner of the pending United States trademark application for BUILDVISION (Serial No. 99267413) covering "Software as a service (SAAS) services featuring software for automating sourcing, procurement, bid solicitation, bid management, and financing in the construction industry; Software as a service (SAAS) services featuring software for generation, management and tracking of procurement requests and responses; Software as a service (SAAS) services featuring software for storing, managing, tracking, analyzing, and reporting data in the fields of building and construction; Software as a service (SAAS) services featuring software for tracking and managing costs, communicating with suppliers, and managing risk" in Class 42 (the "BUILDVISION Application"). The BUILDVISION Application was filed on July 3, 2025.

27. By virtue of its open and continuous use of the BUILDVISION Mark in interstate commerce, Buildvision owns common law rights in and to the BUILDVISION Mark.

**B. Defendants' Infringing Activities**

28. On information and belief, on December 8, 2023, Defendants registered the domain name https://www.buildvisionai.com/ (the "Buildvision AI Website"), just weeks after Buildvision launched the successful Buildvision Platform.

29. On or around December 8, 2023, Defendants used the confusingly similar domain name to launch a website to promote their own online software platform claiming to offer software with the same features as the Buildvision Platform.

30. Defendants prominently feature the BUILDVISION Mark at the top of each page of their website, and add a reference to "AI" to reinforce the presence of AI features that Plaintiff first popularized with its launch of an AI-driven construction services website under the BUILDVISION name and mark. A screenshot of the Buildvision AI Website is embedded below.[3]




[3] *See* https://www.buildvisionai.com/ (accessed July 30, 2026).

31. Like the Buildvision Platform, Defendants claim their BUILDVISION-branded software uses artificial intelligence for construction material quantity takeoff and cost estimation.

32. Defendants did not stop at using the same mark to offer the same type of software. Defendants also adopted a similar trading style to Buildvision, as both websites feature a black and purple color scheme. A screenshot of Buildvision's homepage is embedded below[4].




[4] *See* https://www.buildvision.io/ (accessed July 30, 2026).

33. Defendants later launched mobile applications on the Apple App Store and Google Play Store to further promote construction services software under the BUILDVISION name. Screenshots of its Apple App Store and Google Play Store listings are embedded below.[5]

34. Defendants' expansion of its knock-off BUILDVISION AI-branded software into mobile applications is likely to cause consumer confusion because Buildvision's platform is exclusively available as a web platform.




[5] *See* https://apps.apple.com/us/app/buildvision-ai-construction/id6752423421; https://play.google.com/store/apps/details?id=com.bldx.bldxnative&utm_source=na_Med (accessed Aug. 20, 2026).




35. As of the filing of this *Complaint*, a search on Google for "buildvision" returns results for both the Buildvision Platform and Defendants' knock-off software. An example of Google search results for "buildvision" is embedded below.[6]

---

[6] *See* https://www.google.com/search?q=buildvision&rlz=1C1GCEA_enUS1204US1204&oq=buildvision&gs_lcrp=EgZjaHJvbWUqCggAEAAY4wIYgAQyCggAEAAY4wIYgAQyBggBEEUYPDIGCAIQRRg8MgYIAxBFGDwyDQgEEC4YxwEY0QMYgAQyBwgFEAAYgAQyBggGEEUYPDIGCAcQRRg80gEIMjI0MWowajeoAgCwAgA&sourceid=chrome&ie=UTF-8 (accessed Jun. 16, 2026).




36. Defendants' adoption and use of the Infringing BUILDVISION Marks in connection with its construction software has not only caused consumer confusion but has also impacted Google search results in a way that is likely to cause further confusion.

37. Between December 2025 and January 2026, Buildvision sent Defendants numerous letters putting Defendants on notice of Buildvision's trademark rights and asking that Defendants cease their infringing activities. Defendants refused to do so.

38. Furthermore, in an attempt to manufacture the imprimatur of rights, on February 3, 2026, Defendants filed a United States trademark application for BUILDVISION AI covering "Software as a service (SAAS) services featuring software using artificial intelligence (AI) for construction material quantity takeoff and cost estimation" in Class 42 in which Defendants fraudulently declared to the USPTO that Defendants were entitled to use the BUILDVISION AI mark in commerce and know of no other persons that have the right to use the mark.

39. Defendant Gebarski signed the Fraudulent BUILDVISION AI Application.

40. On information and belief, despite being on notice of Buildvision's trademark rights in the BUILDVISION Mark, Defendants willfully proceeded to use the Infringing BUILDVISION Marks.

41. Infringing sales of Defendants' BUILDVISION AI-branded software have continued notwithstanding Buildvision's express demands that Defendants stop.

42. Consumers have been deceived by and, unless enjoined by this Court, will continue to be deceived by Defendants' unauthorized software offering because it displays an imitation of the BUILDVISION Mark and promises to provide similar solutions to those provided through the Buildvision Platform.

43. Defendants' use and display of the Infringing BUILDVISION Marks has confused or will confuse consumers, will mislead the public as to the nature, origin, and sponsorship of Defendants' goods and services and constitutes infringement of the BUILDVISION Mark.

44. This use is wholly without permission or license from Buildvision, is unfair and deceptive, and will cause irreparable injury to Buildvision's goodwill, identity, and reputation for which there is no adequate remedy at law.

45. On June 1, 2026, the USPTO issued advisory notice to the Fraudulent BUILDVISION AI Application identifying Buildvision's BUILDVISION Application as a basis for a future refusal based on likelihood of confusion.

## COUNT I

### Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a)

46. Buildvision repeats and realleges every allegation in the preceding paragraphs as if fully set forth herein.

47. Buildvision's use of, common law rights in, and application filing date for the BUILDVISION Mark pre-date the Defendants' use of the Infringing BUILDVISION Marks and filing of the Fraudulent BUILDVISION AI Application.

48. Defendants' use of the Infringing BUILDVISION Marks is a use in commerce of a word, term, name, symbol, or device, or combination thereof, and false designation of origin, which is likely to cause confusion or mistake in the public mind or to deceive the public as to the affiliation, connection or association of Buildvision or as to the origin, sponsorship, or approval of the Defendants' goods, services, or commercial activities.

49. Defendants' acts constitute false designation of origin, false endorsement, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

50. As a direct and proximate result of the foregoing acts, Buildvision has been damaged and has suffered, and will continue to suffer, significant damages, in an amount to be determined at trial.

51. Defendants' conduct has been intentional and willful and is calculated specifically to trade off the goodwill that Buildvision has developed in the BUILDVISION Mmark and the reputation the BUILDVISION Mark has earned in the public's eyes. Pursuant to 15 U.S.C. § 1117(a), this case is exceptional and Buildvision is entitled to recover its reasonable attorneys' fees incurred in this action.

52. In addition, Defendants' violations of 15 U.S.C. § 1125(a) have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Buildvision's goodwill, business identity, and reputation. Buildvision is therefore entitled to a permanent injunction enjoining and restraining Defendants from use of the Infringing BUILDVISION Marks or any mark that is confusingly similar to the BUILDVISION Mark.

53. Buildvision has no adequate remedy at law.

**COUNT II**

**Cybersquatting/Cyberpiracy in Violation of § 1125(d)(1)(A)**

54. Buildvision repeats and realleges every allegation in the preceding paragraphs as if fully set forth herein.

55. Defendants have used and are currently using the Buildvision AI Website domain in bad faith.

56. The Buildvision AI Website domain is nearly identical to and confusingly similar to Buildvision's name and BUILDVISION Mark as well as Buildvision's registered domain buildvision.io.

57. The Buildvision AI Website domain was registered weeks after Buildvision's launch of the Buildvision Platform and Buildvision's first use of the BUILDVISION Mark.

58. Upon information and belief, Defendants registered and used the domain to capitalize on the resources Buildvision was making and has continued to make in promoting its BUILDVISION Mark and to divert consumers to Buildvision AI Website and confuse them into paying Defendants money and/or purchasing Defendants' knock-off software.

59. Defendants' actions constitute cyberpiracy in violation of Buildvision's rights under Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1). Those actions have been knowing, deliberate, willful, intentional, and malicious in light of Buildvision's rights and the ongoing dispute between Buildvision and Defendants.

60. Buildvision is entitled to recover actual damages and profits or an award of statutory damages up to $100,000 per domain name.

61. If Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1) is permitted to continue, Buildvision faces the risk of irreparable harm. Buildvision's remedy at law is not by itself adequate to remedy Defendants' actions, and irreparable harm suffered by Buildvision will continue unless the Court enjoins Defendants. Buildvision is therefore entitled to protection by injunctive relief, including forfeiture and/or cancellation of the buildvisionai.com domain or transfer of the buildvisionai.com domain to Buildvision.

## COUNT III

### Trademark Infringement and Unfair Competition under Wyoming Common Law

62. Buildvision repeats and realleges every allegation in the preceding paragraphs as if fully set forth herein.

63. Buildvision is the exclusive owner of common law trademark rights in the BUILDVISION Mark. No license or authorization has been granted to Defendants to use any of these marks, or variations thereon.

64. Buildvision has used and continues to use BUILDVISION in commerce and in connection with the promotion, distribution, offering for sale, and sale of its construction procurement platform, which is likely to cause confusion, mistake, or deception among consumers in Wyoming.

65. The BUILDVISION Mark is a strong source identifier and distinctive when used in connection with Buildvision's products.

66. Defendants, with full knowledge of the public awareness and value of the BUILDVISION Mark, have traded on the goodwill associated with it and have misled and will continue to mislead the public into assuming a connection between Buildvision and the Defendants, even though such use is not authorized by Buildvision.

67. By falsely suggesting a connection with or sponsorship by Buildvision, Defendants' use of the BUILDVISION Mark has caused and is likely to cause public confusion constituting unfair competition and trademark infringement under the common law of the State of Wyoming.

68. In addition, Defendants have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Buildvision's goodwill, business identity and reputation. Buildvision is therefore entitled to a permanent injunction enjoining and restraining Defendants from use of any mark that is confusingly similar to Buildvision's BUILDVISION Mark.

## PRAYER FOR RELIEF

WHEREFORE, Buildvision requests that the Court grant the following relief:

1. Enter judgment against Defendants, as indicated below:

    a. that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of Buildvision's rights under 15 U.S.C. 1125(a) and Wyoming law;

    b. that Defendants have willfully and deliberately competed unfairly with Buildvision in violation of Buildvision's rights under 15 U.S.C. § 1125(a) and Wyoming law; and

    c. that Defendants have willfully and deliberately committed and are committing acts of cyberpiracy in violation of Buildvision's rights under Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1).

2. Issue permanent injunctive relief against Defendants, that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

    a. using, imitating, copying, or making any other infringing use of BUILDVISION and any other mark now or hereafter confusingly similar or identical to the BUILDVISION mark;

    b. using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals, erroneously to

believe that any good or service has been provided, sold, offered for sale, advertised, promoted by Buildvision when such is not true in fact;

c. using the names, logos, or other variations thereof of the BUILDVISION mark;

d. engaging in any other activity constituting an infringement of the BUILDVISION mark or Buildvision's rights in, or right to use or to exploit, the BUILDVISION mark;

3. Order Defendants to pay the costs of any corrective advertising required by Buildvision as a result of Defendants' unlawful activities alleged herein;

4. Order that the buildvisionai.com domain be transferred to Buildvision through transfer by the relevant registries and/or registrars of buildvisionai.com to Buildvision's registrar of choice and by such registrar's change of the registrant to Buildvision;

5. Order that any other domains registered by Defendants that resemble or include the BUILDVISION Mark be transferred to Buildvision;

6. Order Defendants to hold in trust, as constructive trustees for the benefit of Buildvision, its profits obtained from its provision of Defendants' goods and services under the BUILDVISION mark;

7. Order Defendants to provide Buildvision a full and complete accounting of all amounts due and owing to Buildvision as a result of Defendants' illegal activities;

8. Order Defendants to pay Buildvision's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a) for Defendants' willful violation of the BUILDVISION mark;

9. If elected by Buildvision, order an award of statutory damages pursuant to 15 U.S.C. § 1117(d) of $100,000;

10. Order Defendants to pay Buildvision both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action; and

11. Grant Buildvision such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. R. 38, Plaintiff demands a jury trial for all issues triable by jury.

Dated this 15th day of September 2026.

*/s Alaina M. Stedillie*

Alaina M. Stedillie (#6-4327)
CROWLEY FLECK PLLP
111 W. 2nd St., Ste. 220
Casper, WY 82601
Telephone: (307) 265-2279
astedillie@crowleyfleck.com

Gina L. Durham (*pro hac vice* pending)
Jordan Chisek (*pro hac vice* pending)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Telephone: (415) 836-2500
gina.durham@us.dlapiper.com
jordan.chisek@us.dlapiper.com

*Attorneys for Plaintiff Buildvision Inc.*